UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:14-cv-110-EBA

PHEOBE ANN GRIFFITH,                                                        PLAINTIFF,

V.                             **MEMORANDUM OPINION**
                                   **AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                        DEFENDANT.

### I. INTRODUCTION

Plaintiff, Pheobe Ann Griffith, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying her application for Disability Insurance Benefits (DIB). [R. 27]. This matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ. P. 73. [R. 26]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [R. 27] shall be denied, the Defendant's Motion for Summary Judgment [R. 28] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

### II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 26, 2010, the Plaintiff filed an application for supplemental security income benefits. [Tr. 218-221]. In this application, the Plaintiff alleged disability since November 1, 2007. Id. In her Disability Report, Form SSA-3368, the Plaintiff claimed her work ability was limited due

to depression, anxiety, back pain, and headaches. [Tr. 247]. Her claim was denied initially, and on reconsideration [Tr. 101-26]. After the denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 140-156].

On June 29, 2012, a hearing was held before ALJ Maria Hodges. [Tr. 75-100]. The Plaintiff testified at the hearing, and was represented by William Roberts. [Tr. 75-100]. The ALJ also heard testimony from vocational expert Lea Salyers. [Tr. 75-100]. Upon the conclusion of the hearing, the ALJ ordered the Plaintiff to submit to a new medical examination and to update medical information that would be evaluated at a supplemental hearing. [Tr. 75-100]. On January 17, 2013, a supplemental hearing was held before ALJ Hodges. [Tr. 62-74]. The Plaintiff again testified at the hearing and was represented by William Roberts. [Tr. 62-74]. The ALJ heard testimony from vocational expert Casey Vass. [Tr. 62-74].

ALJ Hodges denied Plaintiff's claim for benefits in a written decision dated February 11, 2013. [Tr. 40-55]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that she was not disabled. See 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 45]. Next, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease; depression; borderline intellectual functioning; and, anxiety. [Tr. 45]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 46-47].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform a limited range of medium work as defined by

the Regulations. [Tr. 48]. Specifically, with respect to her physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

> Claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except can sit five hours out of an eight hour workday, three hours at a time; stand two hours out of an eight hour workday, one hour at a time; walk one hour out of an eight hour workday, 15 minutes at a time; can occasionally reach overhead bilaterally, can frequently handle with both upper extremities; can occasionally climb stairs or ramps, balance, stoop, kneel, crouch or crawl; never climb ladders or scaffolds; can occasionally be exposed to unprotected heights and vibration; can frequently be exposed to moving mechanical parts and operate a motor vehicle. She is limited to simple, routine and repetitive tasks; only occasional changes in work; only occasional decision-making required; no interaction with the public; occasional interaction with co-workers and supervisors; no production rates; avoid concentrated exposure to cold; and no need for reading as part of job requirements.

[Tr. 48].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow her to perform the requirements of her past relevant work. The ALJ determined that the Plaintiff was unable to perform any past relevant work. [Tr. 54]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 55]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 55].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which denied her request for review. [Tr. 1-7]. On July 14, 2014, Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [R. 1]. In her Motion for Summary Judgment [R. 27], the Plaintiff sets forth multiple arguments for reversal of the ALJ's opinion. The Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 28]. The case is now ripe for review.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations

4

where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility, and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588, 596 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

The Commissioner's regulations provide a five-step process for the evaluation of disabilities. See 20 C.F.R. § 404.1520(a). First, the Commissioner determines whether the claimant is currently engaging in substantial gainful activity; if so, she is not disabled. Id. § 404.1520(a)(4)(i). Second, if claimant is not engaged in substantial gainful activity, the Commissioner must determine whether she has a severe impairment; if not, she is not disabled. Id. § 404.1520(a)(4)(ii). Third, if claimant has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1; if the severe impairment meets or equals a listed impairment, claimant is presumed disabled. Id. § 404.1520(a)(4)(iii). Fourth, if claimant's impairment does not meet or equal a listed impairment, the Commissioner must determine whether claimant's impairment prevents her from doing past relevant work; if not, she is not disabled. Id. §404.1520(a)(4)(iv). Fifth, if claimant's impairment prevents her from doing past relevant work, the Commissioner must determine whether other work exists in the national economy that accommodates her RFC and vocational factors (age, education, skills etc.); if so, she is not disabled. Id. § 404.1520(a)(4)(v).

At step one of this process, there is no dispute between the parties that Plaintiff has not

participated in "substantial gainful activity" since she ceased working in November 2007, on account of her alleged disability. However, Plaintiff alleges two different errors made by the ALJ, each of which pertain to different steps in the Commissioner's inquiry. Specifically, Plaintiff asserts that:

    1.    The ALJ failed to reasonably weigh the opinion evidence provided by Dr. Nutter and Dr. Gibson.

    2.    The ALJ failed to find that the Plaintiff's intellectual disability met the requirement of Listing 12.05(B).

[R. 27-1]. Each issue raised by the Plaintiff will be considered, in turn, below.

## IV. BURDEN OF PROOF

According to the courts, the plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. 588; see 20 C.F.R. 404.1512(a)(c); see also 42 U.S.C. 405(g). Because plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Secretary of Health, Education and Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).

In this case, the Plaintiff's total argument barely amounts to one page in length and merely makes conclusory allegations of fault by the ALJ without any factual or legal support. For example, the Plaintiff states "[t]he ALJ relied upon and gave more weight to the consultative examination of Dr. Stephen Nutter in making her decision." [R. 27-1 at 3]. Plaintiff then claims that the ALJ should

have relied more heavily upon the medical opinions of Dr. Gibson because, "Dr. Gibson's treatment relationship with [the Plaintiff] is clear from the record." [R. 27 at 4]. Instead of elaborating on the claim or supporting the claim with facts or legal authority, the Plaintiff simply moves on to her next statement. Furthermore, the Plaintiff does not give one citation to the record or make a meaningful attempt to buttress her claim.

In addition, the Plaintiff asserts that her disabilities qualify as an intellectual disability under Listing 12.05(B), but in no way substantiates this claim with citations to the record or legal authority for her position. [R. 27-1 at 4]. Further still, in order to qualify as having an intellectual disability under 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A), a claimant must satisfy both the diagnostic description and any one of the four sets of criteria [in paragraphs A through D]. Plaintiff in no way indicates how she qualifies under either the diagnostic description or any of the four sets of criteria under 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A).

Plaintiff's motion for summary judgment neither includes a statement of the legal arguments in a numbered list at the beginning of her motion, nor does it include specific citation to the record, in violation of General Order 13-7. [See R. 10 at 3-4]. This court finds that the Plaintiff's bare bones argument does not constitute a genuine attempt to clearly delineate or substantiate an issue on appeal. See Mcpherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotations and citations omitted)). As indicated, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh, 448 F.Supp. at 41. The Plaintiff's motion is solely comprised of

general allegations of error; there is a complete lack of evidence contradicting the ALJ's conclusion that the Plaintiff was not disabled. For the reasons discussed above, the Plaintiff failed to meet her burden of presenting colorful claims of error, and her motion for summary judgment will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [R. 27] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 28] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed September 16, 2015.



8